[Crim. No. 423.   Second Appellate District.—November 4, 1915.]

THE PEOPLE, Respondent, v. JACK CLARK, Appellant.

CRIMINAL LAW—BURGLARY—EVIDENCE—ADMISSIONS OF DEFENDANT—
FOUNDATION.—In a prosecution for burglary it was error for the
court to allow in evidence admissions of the defendant before facts
were shown sufficient to satisfy the court that the statements were
voluntarily made; but where, during the further progress of the
examination, the voluntary character of the statements was made to
appear, the error was without prejudice.

APPEAL from a judgment of the Superior Court of Imperial County and from an order denying a new trial. Franklin J. Cole, Judge.

The facts are stated in the opinion of the court.

J. A. Berry, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent.

CONREY, P. J.—Defendant was convicted of the crime of burglary in the first degree. A judgment of imprisonment was imposed and he has appealed from that judgment and from an order made denying him a new trial.

The information charged that the crime was committed jointly by three defendants, Jack Clark, Jack Morrell, and Joe Layden. They demanded separate trials and were separately tried and convicted. The appeal of defendant Jack Morrell, (Crim. No. 424 of this court), has been decided this day, *ante*, p. 729, [153 Pac. 977], the judgment and order being affirmed. The opinion in that case is fully applicable here, with one exception.

In the Morrell case this court declined to consider the claim of that defendant that certain statements or admissions of the accused were improperly admitted in evidence. For it there appeared that the transcript in that case did not disclose that any objection to that evidence was made at the trial. In the present case objection was made to testimony of the officers concerning statements made by the defendant, or by any of

the defendants in his presence, unless it should first be made to appear that the defendants were warned that anything they said might be used against them. The objection was overruled and the testimony was received. Afterwards, on re-direct examination, the witness declared that the officers did not make any threats against the defendants, or offer them any reward or make any promise for any statement the defendants might make; that there was no duress or coercion of any kind used; and that the officers were not armed when they made the arrest.

The alleged admissions or statements were not made as testimony at the hearing or under any other conditions which necessarily required a specific statement to the defendants that anything they said might be used against them. Nevertheless, when evidence of these admissions was offered at the trial the court should have sustained the objection to it until facts were shown sufficient to satisfy the court that the statements were voluntarily made. But inasmuch as, during the further progress of the examination, the voluntary character of the statements was made to appear, we conclude that the error was without prejudice. The record as a whole so strongly indicates the guilt of the defendant, even without considering the alleged admissions, that a reversal cannot reasonably be had on account of such error.

The judgment and order are affirmed.

James, J., and Shaw, J., concurred.