[Crim. No. 1237. First Appellate District, Division One.—April 3, 1925.]

## THE PEOPLE, Respondent, v. ERNEST BOOTH et al., Appellants.

[1] CRIMINAL LAW — ROBBERY — IDENTIFICATION — EVIDENCE.—In this prosecution for robbery, the evidence was sufficient to establish the identity of both defendants as the perpetrators of the crime.

[2] ID.—IDENTIFICATION — EVIDENCE. — Minor discrepancies and inaccuracies as to the color of the clothing worn by one of the defendants, and as to whether or not he was smoothly shaven, and as to the probable age of the other defendant, in no manner affected the positive identification of defendants.

[3] ID.—SEPARATE TRIALS—DISCRETION—KNOWLEDGE OF CONFESSION.— In such prosecution, where the two defendants were jointly charged and tried, the question of whether or not a separate trial should be granted is left within the discretion of the court; and the claim that the trial court abused its discretion in denying defendants' motion for a severance because it had knowledge that one of the defendants had made a confession implicating the other defendant which would be received in evidence though it was inadmissible against the latter cannot be sustained, where the jury was told that the evidence was admitted solely against the defendant making the confession.

[4] ID.—SEPARATE TRIALS—CONFESSIONS—EVIDENCE.—The mere fact that in a joint trial a confession or other evidence may be admissible as against one and not against another does not of itself entitle the defendants jointly charged to a separate trial.

[5] ID.—REOPENING OF CASE—DISCRETION.—In such a prosecution, the matter of permitting the prosecution to reopen its case is one within the sound discretion of the trial court.

[6] ID. — REFERENCE TO PRIOR CONVICTION — ABSENCE OF PREJUDICIAL ERROR.—In such prosecution, one of the defendants having been charged with, and having pleaded guilty to, a prior conviction, the district attorney had no right to refer to the prior conviction at a time when said defendant had not chosen to take the stand in his own behalf; but said defendant was not harmed by the reference, where he later became a witness on his own behalf and admitted that he had suffered a conviction, and the matter of his prior conviction was already in evidence, a witness having testified that he had made said defendant's acquaintance in San Quentin.

2.  See 8 Cal. Jur. 169.

[7] ID.—CONVICTION OF FELONY—IMPEACHMENT.—In such prosecution, when the defendant in question later became a witness in his own behalf, it then became proper for the district attorney to ask him if he had ever been convicted of a felony for the purpose of impeachment.

[8] ID.—EVIDENCE.—Erroneous admission of evidence of a fact subsequently proved by defendant's testimony is harmless.

[9] ID.—OWNERSHIP OF AUTOMOBILE—POSSESSION—EVIDENCE.—In such prosecution, the ownership of an automobile, which was an instrumentality in the commission of the offense, was an important and material question as going to prove how or in what manner defendants obtained the possession thereof, and the fact that it had been stolen from the owner was a circumstance that made possession by the defendants possible, and proof of this fact was rightfully received.

[10] ID.—WHEN EVIDENCE OF ANOTHER CRIME ADMISSIBLE.—Although in general proof of an independent and distinct crime than that charged is not admissible, yet if the evidence of another crime is necessary and pertinent to the proof of the crime charged, it is admissible.

[11] ID.—REMARKS OF DISTRICT ATTORNEY—MISCONDUCT.—In such prosecution, it cannot be said that the substantial rights of one of the defendants were affected by the remarks of the district attorney, which had reference to other crimes committed by said defendant, or that there was a miscarriage of justice, where the remarks were ordered stricken from the record and the jury instructed to disregard them, and the evidence against said defendant was of a convincing character.

[12] ID.—ALIBI—QUESTION FOR JURY.—In such prosecution, the truth of the testimony given on behalf of one of the defendants as to an alibi was a matter for the jury to determine.

[13] ID.—FAILURE OF DEFENDANT TO TAKE STAND—COMMENT OF DISTRICT ATTORNEY—EFFECT OF.—In such prosecution, it cannot be said that the comment of the district attorney that one of the defendants did not take the stand and testify (the court immediately admonishing the jury to disregard the remark, and later fully instructing it upon the subject), resulted in a miscarriage of

7. Method of proving conviction of crime in order to impeach defendant as witness in criminal case, notes, 13 **Ann. Cas.** 643; Ann. Cas. 1914C, 256. See, also, 28 **R. C. L.** 626.

10. Admissibility of evidence of other offenses in criminal trials generally, notes, 44 **Am. Rep.** 299; 105 **Am. St. Rep.** 976.

Evidence of other crimes in prosecution for robbery, notes, 16 **Ann. Cas.** 669; 62 **L. R. A.** 288, 318, 324; **L. R. A.** 1917D, 388. See, also, 8 **R. C. L.** 199; 8 **Cal. Jur.** 60.

justice, where the evidence of guilt was of such a convincing character; and the same ruling applies with equal force to further misconduct of the district attorney in asking one of the defendants if he had not met the other defendant at San Quentin.

[14] ID.—EVIDENCE—FAILURE TO OBJECT—WAIVER.—In such prosecution, a particular defendant cannot justly complain of the admission of evidence to the effect that at the time of his arrest he gave an assumed name, where no objection was interposed to the question.

[15] ID.—EVIDENCE—MOTION TO STRIKE OUT.—In such prosecution, an assignment of error upon the ground that an officer in detailing the circumstances of the arrest of one of the defendants testified that he had gone to the place where said defendant was apprehended, for the purpose of making the arrest of another party for grand larceny, cannot be sustained, where the statement was volunteered by the witness in response to a question asking for the circumstances under which the arrest was made, and upon motion it was stricken from the record.

[16] ID.—CONFESSION—VOLUNTARY CHARACTER OF—DISCRETION.—The question as to whether a confession is free and voluntary is ordinarily one of fact addressed to the trial court, and a considerable measure of discretion must be allowed in the determination thereof.

[17] ID.—RIGHT OF DEFENDANT TO REMAIN SILENT—ABSENCE OF INFORMATION—EFFECT UPON CONFESSION—EVIDENCE.—In such prosecution, the fact that one of the defendants, when making a full statement of all the circumstances of the crime to the district attorney, for whom he voluntarily and of his own accord had sent, was not advised as to his constitutional rights to remain silent and was not told that the confession would be used against him, did not make the confession involuntary or render it inadmissible, and this is especially so where the record as a whole, and aside from the confession, convincingly indicates the guilt of the defendant.

(1) 34 Cyc., p. 1809, n. 82.   (2) 34 Cyc., p. 1809, n. 82.   (3) 16 C. J., p. 785, n. 68.   (4) 16 C. J., p. 785, n. 68, p. 787, n. 6 New, p. 853, n. 96.   (5) 16 C. J., p. 870, n. 65.   (6) 16 C. J., p. 906, n. 7. (7) 40 Cyc., p. 2624, n. 71.   (8) 17 C. J., p. 322, n. 51, p. 323, n. 54.   (9) 16 C. J., p. 588, n. 8.   (10) 16 C. J., p. 586, n. 98, p. 588, n. 9.   (11) 17 C. J., p. 297, n. 20, p. 299, n. 24, 31.   (12) 16 C. J., p. 931, n. 5.   (13) 16 C. J., p. 901, n. 35; 17 C. J., p. 298, n. 22, p. 299, n. 24, 31, p. 302, n. 56, 61.   (14) 17 C. J., p. 56, n. 16. (15) 16 C. J., p. 717, n. 39; 17 C. J., p. 325, n. 72.   (16) 16 C. J., p. 735, n. 34, 35.   (17) 16 C. J., p. 724, n. 22.

17. Confession as free and voluntary, notes, 18 L. R. A. (N. S.) 658. See, also, 1 R. C. L. 567.

APPEALS from judgments of the Superior Court of Alameda County.   Lincoln S. Church, Judge.   Affirmed.

The facts are stated in the opinion of the court.

F. M. Pearce for Appellant Huston.

Ernest Booth, *in pro. per.*, for Appellant Booth.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

TYLER, P. J.—Appellants herein were jointly accused by information with the crime of robbery.   The offense was alleged to have been committed on May 19, 1924, at about the hour of 1:30 P. M.   At that time it is charged that both defendants did unlawfully, and through use of force and fear, take and carry away from the person of one Eugene McCormick personal property consisting of the sum of two thousand dollars, lawful money of the United States, which personal property belonged to the Oakland Bank, a corporation.

The information further charged both defendants with a prior conviction of a felony.   They were jointly tried and both were found guilty.   Motion for a new trial was made on behalf of both defendants.   These motions were denied.

The case of the prosecution rests entirely upon the identification of the defendants as being the perpetrators of the crime.

Several grounds are relied upon for a reversal of the judgment.   Both of the defendants claim that the evidence upon the subject of their identification is weak and far from satisfactory for which reason the errors complained of are highly prejudicial to them.   [1]  An examination of the record shows that their identity was fully and completely established.

It appears therefrom that upon the day above mentioned the officers of the Allendale Branch of the Oakland Bank were held up and robbed by two men, one of whom was colored.   The robbery was committed in broad daylight and neither of the perpetrators of the crime was masked.   Huston engaged the attention of the manager by pointing a

pistol at him while his accomplice threatened the assistant manager and demanded from him and obtained the money stolen.

Both these officers positively identified the defendants upon their arrest, which took place shortly after the robbery.

They were both further identified by other witnesses. A lineman employed by the Federal Electric Company recognized both of them as being the participants in the crime, and pointed them out from among other prisoners at the jail where they were confined.

Defendant Huston was further identified by two witnesses who were engaged in business in the immediate vicinity of the bank and from one of whom he had made small purchases on two occasions just prior to the robbery.

[2] Some of the witnesses disagreed as to the color of the clothing worn by Huston and upon the question whether or not he was smoothly shaven. There was also a discrepancy in the testimony relative to the probable age of Booth. These minor discrepancies and inaccuracies in no manner affected the positive identification of defendants. As was said in *People* v. *Connolly,* 195 Cal. 584 [234 Pac. 374], such discrepancies are bound to occur in attempts to reproduce descriptively the features of defendants from mental pictures, but where, as here, they are brought into the presence of the witnesses and each one identifies them as the persons who committed the crime, such identification is sufficient. In the case last cited it is further said that ordinarily the power to accurately describe human features is with most persons a limited one and therefore on questions of identification, except in special instances, much must depend upon the intelligence and honesty of the person called upon to make the identification. The wife of defendant Booth interviewed one of the witnesses and discussed his testimony with him. The district attorney sought to show that an attempt had been made to induce this witness to change his testimony. On their cross-examination two of the witnesses became less positive in their identification with reference to defendant Booth. Notwithstanding this fact, however, there is ample evidence in the record to fully identify both defendants as the perpetrators of the crime.

It also appears in evidence that after his arrest Huston of his own volition had sent for the district attorney and volun-

tarily made a full and complete statement of the facts of the case, implicating Booth as his accomplice, a matter hereinafter discussed. We will consider the different points raised by appellants separately. Appellant Booth has filed a brief in his own behalf in which he cites several grounds of misconduct and error which he claims justifies a reversal.

[3] It is first urged on his behalf that the trial court abused its discretion in not granting to him a separate trial. Under the provisions of section 1098 of the Penal Code, when two or more defendants are jointly charged with any public offense, whether felony or misdemeanor, they must be tried jointly, unless the court orders separate trials. In ordering separate trials, the court in its discretion may grant a separate trial as to one or more defendants, and a joint trial as to the others, or may order any number of the defendants to be tried at one trial, and any number of the others at different trials, or may order a separate trial for each defendant. The question of whether or not a separate trial should be granted is left within the discretion of the court.

The claim that the court abused its discretion in denying appellants' motion is based principally upon the fact that it had knowledge that Huston had made a confession implicating Booth which would be received in evidence though it was inadmissible as to him. [4] The mere fact that in a joint trial a confession or other evidence may be admissible as against one and not against another does not of itself entitle defendants jointly charged to a separate trial. (16 Cor. Jur., p. 787.) If this were so, joint trials could seldom if ever be had, for this question must of necessity constantly arise with defendants placed in such a situation. The matter of granting a severance is one within the discretion of the trial court. To hold otherwise would be to render nugatory, in most cases, the very purpose of the act. The jury was properly instructed upon the subject, for it was told that the evidence was admitted solely against defendant Huston. We conclude, therefore, that there is no merit in this objection. [5] Complaint is next made that the court abused its discretion in permitting the prosecution to reopen its case. This is a matter also within the sound discretion of the trial court. (*People* v. *Oxnam,* 170 Cal. 211 [149 Pac. 165].) Error is further claimed by reason

of the action of the district attorney in commenting upon the fact that defendant had suffered a prior conviction.

[6] Appellant was so charged, to which he had pleaded. guilty. The district attorney had, under these circumstances, no right to refer to the prior conviction, as the defendant had not at that time chosen to·take the stand in his own behalf. (Pen. Code, sec. 1025.) [7] Here, however, he later became a witness on his own behalf, and it then became proper to ask him if he had ever been convicted of a felony for the purpose of impeachment. (8 Cal. Jur., p. 647.) The question was asked and defendant admitted that he had suffered such a conviction. [8] Erroneous admission of evidence of a fact subsequently proved by defendant's testimony is harmless. (*People* v. *Bennett*, 65 Cal. 267 [3 Pac. 868]; *People* v. *Collins*, 75 Cal. 412 [17 Pac. 430].) Moreover, the matter of his prior conviction was already in evidence, a witness having testified that he had made defendant's acquaintance in San Quentin.

It is again claimed that the court erred in admitting testimony to show that a Cadillac coupe used in the perpetration of the robbery had been stolen. This machine was positively identified as the one in which both defendants were seen prior to the commission of the robbery and the one in which they drove away from the scene of the crime.

[9] The automobile was an instrumentality in the commission of the offense, and its ownership became an important and material question as going to prove how or in what manner defendants obtained the possession thereof. The fact that it had been stolen from the owner was a circumstance that made possession by the defendants possible, and proof of this fact was rightfully received. It is true that the jury might have inferred that the defendants had stolen the car, still this fact did not warrant the exclusion of the evidence. [10] Although.in general proof of an independent and distinct crime than that charged is not admissible, yet if the evidence of another crime is necessary and pertinent to the proof of the crime charged, it is admissible. (*People* v. *Rogers*, 71 Cal. 565 [12 Pac. 679]; *People* v. *Sanders*, 114 Cal. 216 [46 Pac. 153].)

[11] Misconduct of the district attorney in his address to the jury in summing up the case against defendant is assigned as error. The remarks complained of had reference

to other crimes committed by defendant. They were ordered
stricken from the record and the jury instructed to disre-
gard them. Under these circumstances and considering the
convincing character of the evidence against defendant, we
cannot say that his substantial rights were affected thereby
or that there has been miscarriage of justice. [12] And,
finally, our attention is drawn to the fact that this de-
fendant attempted to prove an alibi. His associates and
his wife and her sister testified that Booth was in San
Francisco at or about the time when the crime was com-
mitted. The truth of this evidence was a matter for the
jury to determine. By their verdict it is manifest they re-
jected it.

[13] Defendant Huston cites us to the misconduct of the
district attorney in several particulars, as constituting error.
He first complains that comment was made by that officer
upon the fact that he did not take the stand and testify. It
appears from the record that the court immediately ad-
monished the jury to disregard the remark, and later fully
instructed it upon the subject.

Misconduct of district attorneys in this particular has so
often been condemned by the appellate courts that it seems
strange that they should persist in committing this error.
Here, however, the evidence of defendants' guilt is of such
a convincing character that we cannot say that the incident
resulted in a miscarriage of justice. (*People* v. *Nakis,* 184
Cal. 105, 116 [193 Pac. 92].)

Further misconduct of this officer in asking defendant
Booth if he had not met Huston at San Quentin is assigned
as error. An objection to the question was sustained. While
the question might imply a previous criminal record, what
we have said with reference to the error just discussed, ap-
plies with equal force to this objection.

[14] Reception of evidence to the effect that at the time
of his arrest Huston gave an assumed name is complained of.
The record shows that no objection was interposed to the
question. [15] In this connection further error is assigned
for the reason that the officer in detailing the circumstances
of the arrest testified that he had gone to the place where
defendant was apprehended, for the purpose of making the
arrest of one Clark for grand larceny. The statement was vol-
unteered by the witness in response to a question asking

for the circumstances under which the arrest was made. Upon motion it was stricken from the record. There is, therefore, no merit in this objection.

In conclusion, defendant Huston claims that his confession was not free and voluntary, and evidence of the same should not have been admitted. The record shows conclusively that defendant voluntarily and of his own accord sent for the district attorney and made a full statement of all the circumstances in connection with the crime. The confession was made without any inducement or intimidation, Huston merely asking that he be sent to an institution different from where his codefendant would be incarcerated, as he had threatened to kill him.

[16] The question as to whether a confession is free and voluntary is ordinarily one of fact addressed to the trial court, and a considerable measure of discretion must be allowed in the determination thereof. (*People* v. *Siemsen,* 153 Cal. 387 [95 Pac. 863].)

[17] It appears in this connection that defendant was not advised as to his constitutional rights to remain silent and was not told that the confession would be used against him. This fact did not make the confession involuntary or render it inadmissible. (*People* v. *Clark,* 28 Cal. App. 735 [153 Pac. 980].)

And this is especially so where, as here, the record as a whole, and aside from the confession, so convincingly indicates the guilt of the defendant. No other questions are presented.

From what we have said, it follows that the judgments against defendants should be and each of them is hereby affirmed.

Knight, J., and Cashin, J., concurred.