[Crim. No. 1617.   Second Appellate District, Division One.—April 13, 1928.]

## THE PEOPLE, Respondent, v. WILFRED HAFLINGER, Appellant.

Hugh Dickson, Ben S. Hunter and James Farrahar for Appellant.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, and John D. Richey for Respondent.

WOOD (W. J.), J., *pro tem.*—Defendant was accused of the crime of grand theft and after trial by jury was found guilty.  On October 30, 1927, J. M. Brouillard left his Chevrolet touring car parked on Brand Boulevard, in the city of Glendale.  Later in the same day defendant and two others were arrested while driving the car in the city of Beverly Hills.  Chief of Police Blair of Beverly Hills, after laying the foundation customary for the admission

of confessions, testified that he had a conversation with Haflinger in which the latter confessed that he had stolen the automobile. The witness testified: ''He stated that he and Ball had stolen the car and had come out to Beverly Hills with the intention of trying to stick somebody up, and I asked him why they particularly came to Beverly Hills, and he said because there was a lot of rich people lived there. And that was about the amount of the conversation with him. He stated also that this little fellow had told him— Q. By the small man you mean the defendant Ball? A. Yes—that they had pulled a job like this before somewhere in Pasadena and got a dollar and a half.'' The foregoing testimony was received by the court without objection by appellant, and no motion was at any time made to strike it out. The prosecution attempted to introduce in evidence an alleged confession claimed to have been made to F. C. Williams of the Glendale police department after appellant had been removed from Beverly Hills. Upon objection by counsel for appellant the court permitted testimony to be taken on the question whether the alleged confession was made freely and voluntarily. The court, after hearing such testimony, sustained appellant's objection to the admission of evidence purporting to show a confession by Haflinger. The court did permit, however, the following statement by the witness to remain in the record: ''I asked him (Haflinger) why—who had proposed the stealing of the car, and he said that he got a ticket—traffic ticket in Glendale, and Russell and Ball told him that it would cost him $15, and they had better go out and get a car that they could make some money out of.'' Appellant now contends that the ruling of the trial court refusing to strike this testimony was erroneous.

Respondent concedes that if the statement of the witness just quoted was a confession, in accordance with the ruling of the trial court to the effect that it was not free and voluntary, the motion to strike should have been granted. It is contended, however, that the statement contained nothing more than an admission which tended toward the proof of the guilt of the accused and as such was admissible without preliminary proof to show that it was free and voluntary. This contention must be upheld. A confession is a statement by a person to the effect that he is guilty of

the crime of which he is accused. While it may be said that the statement tends to prove guilt, it is in effect an admission that he had been told he would have to pay a traffic fine of $15 and had been advised by others to "get a car that they could make some money out of." This falls short of confessing that he had in fact stolen the automobile. In *People* v. *Ferdinand,* 194 Cal. 555 [229 Pac. 341], the court clearly indicated the difference between an admission and a confession in the following language: "An admission as applied to criminal law is something less than a confession, and is but an acknowledgment of some fact or circumstance which in itself is insufficient to authorize a conviction, and which tends only toward the proof of the ultimate fact of guilt. On the other hand, a confession by a defendant leaves nothing to be determined, in that it is a declaration of his intentional participation in a criminal act and must be a statement of such a nature that no other inference than the guilt of the defendant may be drawn therefrom."

■ Appellant devotes the remaining portion of his brief to an argument which he presents under the heading, "The court should have granted motion for instructed verdict." The evidence was sufficient to sustain the verdict of the jury. The *corpus delicti* was established by the testimony of the owner of the car and the confession of appellant made to the witness Blair was properly received without objection. A motion for what is often termed an "instructed verdict" is one directed to the discretion of the trial court unless the evidence presented is not legally sufficient to sustain a verdict of guilty. Section 1118 of the Penal Code provides that the court *may advise* the jury to acquit if the court deems the evidence insufficient to warrant a conviction. The section further provides that the jury are not bound by the advice of the court. It follows that if there is sufficient evidence to sustain the verdict appellant cannot successfully base his petition for a reversal upon the action of the trial court in refusing to advise the jury to acquit.

The judgment is affirmed.

Houser, Acting P. J., and York, J., concurred.