[Crim. No. 256.   Fourth Appellate District.—November 6, 1933.]

THE PEOPLE, Respondent, v. MICHAEL O'SHAUGH-NESSY, Appellant.

106

Francis C. Whelan for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

BARNARD, P. J.—The defendant, having been convicted of the crime of receiving stolen property, has appealed from the judgment and from an order denying a new trial.

It appears from the evidence that a store in San Diego was broken into on the night of May 29, 1933, or the early morning of May 30, and that a number of radios were stolen therefrom. On June 1, 1933, police officers found two of these radios in a house occupied by a Miss Johnson and a Miss Van Norton. On June 2d, the appellant was arrested and at police headquarters was asked "what explanation he had to make regarding the two radios which he sold at Pearl Van Norton's home". The appellant replied that on Tuesday night (which was the night after the radios were stolen) a man asked him to sell the radios; that he did not know the man's name but he wore a gray suit and was of about his own age and size; that he told this man he thought he could sell the radios, whereupon the man brought the two radios to his room; that he immediately took them to Miss Van Norton's house and sold them for a total of $18; and that he returned to his room and paid the man in the gray suit $15, retaining $3 for himself. The appellant further stated that he had not participated in burglarizing the store referred to but that when the man brought the two radios to his room he was quite satisfied that they came from this particular store, as he had been through the

same on previous occasions; that he first went to this store three or four days before and again on Monday when he was accompanied by the man in the gray suit; that they then looked over a number of radios in the store; that when this man brought the radios to his room he recognized them as some he had seen in the store; that he was satisfied that they were "hot"; that he knew that they were from this store and supposed they were stolen property; that he thought he could make some money by disposing of them for the other party; and that the man in the gray suit told him he was taking the other radios and leaving San Diego. He also identified the radios which had been recovered by the police officers as those "that he had sold at Pearl's house". Two radios were introduced in evidence which were positively identified as having been stolen from this store on the night of May 29th, as having been sold at the home of Miss Van Norton, and as having been recovered there by the officers. There was introduced in evidence the testimony of Miss Johnson given at the preliminary hearing of the appellant, in which she stated that she lived in the home of Miss Van Norton; that she purchased one of these radios (identifying it) from the appellant; and that on the same occasion and while she was present the other radio, which she identified, was sold by the appellant to Miss Van Norton.

It is first urged that the court erred in granting a continuance of one week after the trial of the action had been begun. The trial was commenced on July 24, 1933, and two or three witnesses had been examined when the district attorney stated that a subpoena had been issued for Miss Johnson but that she was not present. An adjournment was taken until 2 o'clock that afternoon, at which time it developed that the sheriff's office had been unable to find Miss Johnson in order to serve the subpoena. The district attorney asked for a continuance, stating that he was willing to take the case up at the earliest possible date although he knew that the court had other criminal cases set for the rest of that week. The court stated that a continuance would be granted for a sufficient time to enable them to see if they could obtain the witness or make a proper showing of diligence, and the trial was continued for one week. The appellant relies especially upon the case

of *Ford* v. *Superior Court*, 17 Cal. App. 1 [118 Pac. 96, 100]. That case involved repeated continuances over a long period of time and the court stated that "a stronger showing of diligence and certainty is required in support of each successive application". The matter of granting a continuance is one within the sound discretion of the trial court and such a continuance cannot be held prejudicial error in the absence of a clear showing of abuse of discretion. (*People* v. *Treadwell*, 69 Cal. 226 [10 Pac. 502]; *People* v. *Elgar*, 39 Cal. App. 78 [178 Pac. 168]; *People* v. *Lyons*, 80 Cal. App. 257 [251 Pac. 648].) The one continuance here complained of was for a short time, was based upon adequate grounds, and no sufficient showing of prejudice is made.

■ ▪ The action of the court in receiving into evidence the record of the testimony given by Miss Johnson at the preliminary hearing is assigned as error. It is first urged that this evidence was inadmissible because Miss Johnson was not asked and did not state what was her business or profession. (Pen. Code, sec. 869.) It appears that this witness was a female person, that she was living in the home of another woman, and the record does not show her age. If it may not be presumed that she had no business (see *People* v. *Grundell*, 75 Cal. 301 [17 Pac. 214]) at least it must be held that this provision is directory merely and not mandatory. (*People* v. *Grundell, supra; People* v. *Buckley*, 143 Cal. 375 [77 Pac. 169].) ■ The appellant argues that had this witness stated her business it would appear that she was a woman of the streets and that for this reason the jury would not have believed her testimony. Not only does this go to the weight of the evidence and not to its admissibility, but the record contains no evidence of the fact claimed, and it may not be assumed that the jury would have disbelieved her testimony when it coincided in every detail with statements made by the appellant.

■ Another reason advanced for the inadmissibility of this evidence is that no sufficient showing of diligence appears. The only argument made as to lack of diligence is that the prosecution should have seen to it that this witness was arrested and kept in jail until wanted. The record contains no evidence, and none was offered, of any facts that would have justified such an arrest and detention. It

appears that this witness was present and testified at the preliminary hearing; that the district attorney was informed and believed that she was present in the city and intended to be and would be present as a witness at the trial; that on July 21st a subpoena was delivered to the sheriff; that on several occasions and at different hours of the day a deputy sheriff went to the address named on the subpoena, being the one given by this witness at the preliminary hearing and the one where the radios were found, and was unable to find anyone at home; that he inquired of a man downstairs in the same building, who told him that Miss Johnson had stated to him that she was going to travel and that her first stop would be San Francisco; and that inquiry was made at the postoffice and no notice of change of address or forwarding address had been left there. Subpoenas were issued and sent to the sheriffs of all counties along the coast between San Diego and San Francisco, inclusive. The sheriffs of six of these counties, including San Francisco, made return to the effect that after search they were unable to find the witness. Based upon this showing, the evidence was admitted. As recently said by this court in *People* v. *Noone,* 132 Cal. App. 89 [22 Pac. (2d) 284], ''The question of 'due diligence' contains three fundamental elements, to-wit: (1) It is addressed to the discretion of the trial court; (2) the trial court's determination will not be disturbed on appeal unless it is clearly shown that there was an abuse of discretion; and (3) each case must be determined upon its own facts.'' In *People* v. *Hewitt,* 78 Cal. App. 426 [248 Pac. 1021], it is said:

''The 'due diligence' required by section 686 of the Penal Code, does not mean or require that the entire state shall be searched for an absent witness or a subpoena sent to every county in the state with instructions to the officers thereof to make a search for the witness, and, therefore, no such showing is required to be made as a prerequisite to or foundation for the allowance of the deposition of the absent witness taken at the preliminary examination at the trial. The rule is well stated in *Heintz* v. *Cooper,* 104 Cal. 668, 670 [38 Pac. 511, 512], as follows:

'' 'Diligence is a relative term incapable of exact definition. What would amount to due diligence under one state of facts would fall absolutely short of it under another and

different state of facts. It depends, therefore, so essentially upon the particular circumstances of each case, with all their distinct and varying phases and bearings, as they have appeared to the lower court at the trial and throughout the conduct of the cause, in determining whether diligence has been used in any particular instance, that this court should hesitate to disturb a ruling upon this ground where it has any substance whatever upon which to rest. The presumption is that the discretion has been properly exercised, and that presumption must be overcome by a clear want of facts before the order will be disturbed.' ''

We are unable to hold that there is here no evidence of a substantial character to support the trial court's conclusion. Even the appellant sees no lack of diligence except a failure to arrest and detain the witness. Assuming that some circumstances might call for such drastic action it can hardly be held to have been absolutely essential here. ■ All that the due diligence referred to in the statute means is that a reasonable effort to locate the witness shall be made. What constitutes a reasonable effort naturally varies with the facts of each case. Where a witness has a home and a fixed address, which has apparently not been given up or changed and where he is traveling or away for an indefinite time, no good could be accomplished by requiring that an officer make a pretense of looking for the witness in a number of places where he could not reasonably be expected to be found or by requiring that an extensive or expensive search be made in every county of the state. There is nothing to indicate that any greater degree of diligence in this case would have secured the presence of this witness or that the diligence used was not reasonable under the circumstances. There is a presumption that the discretion of the court in this matter has been properly exercised and we think this presumption has not been overcome by a clear showing.

■ The next contention made is that the statements and admissions made by the appellant to the officers were not admissible since the *corpus delicti* had not been proven. Aside from these admissions there was evidence that these two radios had been stolen from this store on the night of May 29th; that they were found in the home of Miss Johnson and Miss Van Norton on June 1st; that at some time

between those dates they were sold to these two parties by the defendant, one of them for less than one-third of its value and the other for a little more than one-third of its value; and the radios were positively identified. This was sufficient to establish the *corpus delicti*. ■ Some point is also made of the fact that the officer, to whom the statements were made, admitted that he had not warned or instructed the appellant as to his right to remain silent or told him that any statements made by him might be used against him. This fact alone did not make the statements involuntary or inadmissible. (*People* v. *Clark*, 28 Cal. App. 735 [153 Pac. 980].) The record contains ample evidence that the statements in question were freely and voluntarily made.

■ The appellant complains of the refusal of the trial court to give a requested instruction on the presumption of innocence. With respect to this, the court read to the jury an instruction containing the exact language of section 1096 of the Penal Code, which sufficiently covered the subject. (Pen. Code, sec. 1096a.) ■ Another instruction given is attacked as containing an improper inference and as, to some extent, weighing the evidence. The appellant reads into the instruction something not contained therein and the objection is without merit.

■ The only other points raised are that the court erred in failing to advise the jury to return a verdict of acquittal and that the evidence is not sufficient to justify the verdict. These points are covered by what has already been said. The statements made by the appellant after his arrest were practically a confession and, with the other evidence, furnish a sufficient answer to these contentions.

The judgment and order appealed from are affirmed.

Marks, J., and Jennings, J., concurred.