526

[Crim. No. 2525. Second Appellate District, Division Two.—May 15, 1934.]

THE PEOPLE, Respondent, v. LOWELL METZINGER, Appellant.

Gladys Towles Root for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

SCOTT, J., *pro tem.*—Defendant appeals from a judgment which followed his conviction of the crimes of burglary and robbery and from the order denying his motion for a new trial.

The evidence discloses that at about 3:30 o'clock in the morning of October 24, 1933, in company with another man, defendant entered the bungalow apartment of one Leigh, pointed a gun at the latter and his servant Bahr and obtained certain money from them. At the preliminary hearing in the municipal court on November 3, 1933, Leigh and Bahr testified to the facts and circumstances surrounding the commission of the offenses charged and identified defendant as one of the participants in the holdup. At the trial of defendant on the charges on January 29, 1934, the court permitted the prosecution to read in evidence the testimony of Leigh and Bahr taken at the preliminary hearing, upon a showing that their attendance at the trial could not be secured and that Leigh was last seen in New York on December 8, 1933.

Appellant contends that the trial court abused its discretion in permitting the reading of the testimony of Leigh and Bahr taken at the preliminary hearing. No question is raised as to the sufficiency of the evidence to support the verdicts finding defendant guilty of burglary in the first degree and on two counts of robbery in the first degree.

The testimony of a witness taken at a preliminary hearing may be read at the trial "upon its being satisfactorily shown to the court that he . . . cannot with due diligence be found within the state" (Pen. Code, sec. 686). Two months before the trial process servers started their efforts to serve a subpoena on the witnesses Leigh and Bahr. Leigh was an Englishman, a resident of London, England, temporarily residing in a bungalow apartment in Los Angeles while working under a contract with a motion picture studio. When his work was concluded he returned to New York, where he was seen by his agent, according to her testimony at the trial. He was not seen elsewhere and could not be located in California by personal search or

mail. It was a reasonable inference that Leigh's personal servant, Bahr, accompanied him. There was substantial evidence to support the trial court's conclusion that due diligence had been shown in the effort to secure the attendance of these two witnesses. ■ There is nothing to indicate that any greater degree of diligence in this case would have secured the presence of either of them. There is a presumption that the discretion of the court in this matter has been properly exercised, and this presumption has not been overcome by a clear showing. (*People* v. *O'Shaughnessey*, 135 Cal. App. 104 [26 Pac. (2d) 847] ; *People* v. *Land*, 137 Cal. App. 196 [30 Pac. (2d) 433].)

■ A certain portion of the argument of the district attorney to the jury is assigned here for the first time as prejudicial misconduct. Counsel has not indicated and it does not appear in what manner prejudice may have resulted to appellant. In fact, it does not appear in what manner the argument could possibly have prejudiced appellant. No objection was made in the lower court to such portions of the argument, and in the absence of objection, coupled with a request that the trial court admonish the jury to disregard the alleged improper remarks, their possible effect upon the jury will not be considered for the first time on appeal. (*People* v. *Metzler*, 21 Cal. App. 80 [130 Pac. 1192].)

Judgment and order affirmed.

Stephens, P. J., and Desmond, J., concurred.