[Crim. No. 3210.   Second Appellate District, Division One.—August 22, 1939.]

THE PEOPLE, Respondent, JUAN JOSE BACA, Appellant.

L. J. Seay for Appellant.

Earl Warren, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

DORAN, J.—Appellant, Juan Jose Baca, was adjudged guilty of the crime of receiving stolen property, as alleged in count III of an information filed by the district attorney which charged the defendant with receiving the property "on or about the 10th day of November, 1936, at and in the County of Los Angeles".

Defendant appealed from the judgment and from the order denying a motion for a new trial.

The securities, which were the subject-matter of the crime, were stolen in Los Angeles on November 10, 1936. Two years later, namely on November 20, 1938, defendant Baca was arrested in the city of Denver, Colorado, while attempting to hypothecate about three thousand dollars worth of these securities.

The record reveals that at the trial, Mrs. Erma Burns, the manager of the Atlas Hotel in Los Angeles, testified to the fact that Baca, who gave his address as Socorro, New Mexico, registered at the hotel and was the occupant of a room there from May 9 to May 21, 1938.

A file of correspondence which was admitted in evidence, most of which was addressed to the defendant at Socorro, was taken from him at the time of his arrest; among these letters were several signed "X Y FOUREX XY XXXX." A few excerpts from these are pertinent. The first letter to the defendant was dated May 26, 1938, which was some five days after the defendant had left Los Angeles for New Mexico. This letter reads in part as follows: " . . . and I think you should be able to do something for Mr. Brown which I think

he is in your city now. I am sure he will give you a letter authorizing you to use his security and that is all you need." (Letter dated June 20, 1938): "The only way is to use it as collateral and put it away for six months. You cannot change it to your name and you do not have to unless you do not pay the loan back, then they can change it to their own name . . . but do not notify the company under any circumstances as the merchandise is good as it is and it is transferable and it can only be used as collateral on a loan, so if you cannot do it right, do not do it at all. You *understand.*" (Letter dated July 18, 1938): "As far as getting quotations on the prices they can wire any broker who will be glad to send it to them, but be *sure not* to wire any of the companies. I am sending you today's quotations and I will send you a list from the newspapers tomorrow, as a few are unlisted stock . . . Do the best you can and be very cautious." (Letter of July 26, 1938): "B. B. Robinson & Co., at your request sent a quotation of the following stocks which you ask about." (Following this were quotations on the same issues as the stolen certificates.) Defendant acknowledged having received these letters.

There were also admitted in evidence some sheets of paper found in the defendant's possession at the time of his arrest, on one of which appeared the name and address of a "John Leon, 933 West 6th St., L. A." and upon another sheet the name of "Charles Mallaby" at the same address. Defendant testified that he had met a Charles Mallaby at the time he was in Los Angeles in May of 1938, through a Mr. Cox; that Cox and Mallaby later came to the hotel to see him; that he was told by Mallaby to write to a "John Leon" at Mallaby's address whenever he had "any correspondence to write to him, or information"; that when he wrote to "Leon" he received an answer from him signed "XY XXXX" but that he did not know the identity of the person who sent the letters signed in that fashion.

Defendant's explanation of the manner in which he came into possession of the securities was substantially as follows: that he met a "fellow by the name of Bruce Brown" in El Paso, Juarez, in May of 1938; that Brown talked to him about some valuable papers that he (Brown) had, which the latter brought to Socorro, New Mexico, shortly afterwards; that Brown produced a "conditional sales agreement of stock" which Baca and Brown were purported to have ac-

knowledged before a notary public on May 17, 1938, at Socorro; that defendant later met Brown in El Paso, Juarez, at which time Brown turned the securities in question over to Baca, and the latter gave to Brown a "turtle of gold" in exchange for the securities, which "turtle" the defendant had obtained from the Indians.

Dr. Bruce Brown, the owner of the securities, testified that he did not know the defendant and had never seen him prior to the time of defendant's arrest.

■ The sole question raised on appeal is, whether the evidence is sufficient to sustain the verdict and judgment, in which connection appellant argues that "in addition to the proof that the defendant received the stolen property knowing the same to be stolen, it is incumbent upon the people to prove the venue of a crime". It is urged in this regard that evidence of venue is wholly lacking. Appellant is entitled to be sustained. A careful review of the record reveals neither direct evidence of the venue of the alleged crime in Los Angeles County, nor evidence of any fact from which it can reasonably be inferred that defendant received possession, or ever had possession of the stolen property, on or about November 10, 1936, or at any other time, in said county. That there is evidence to support the conclusion that defendant knowingly had possession of such property elsewhere, there can be no question, but such evidence, in the light of the record, raises no more than a suspicion that the property in question was possessed by defendant in Los Angeles County. Such a showing is insufficient.

For the foregoing reasons the judgment and the order denying defendant's motion for a new trial are, and each of them is, reversed.

York, P. J., and White, J., concurred.