[Crim. No. 1375. Fourth Dist. Sept. 11, 1958.]

THE PEOPLE, Respondent, v. VERNON HARRIS et al., Defendants; PAUL E. LE BLANC, Appellant.

Edgar G. Langford, under appointment by the District Court of Appeal, and J. Perry Langford for Appellant.

Edmund G. Brown, Attorney General, and John M. Huntington, Deputy Attorney General, for Respondent.

GRIFFIN, P. J.—Defendant-appellant Paul E. Le Blanc was charged with defendant Vernon Harris with the crime of receiving stolen property, set forth in two separate counts. Harris was charged with three prior convictions and appellant with two such convictions, which he admitted. In a consolidated case each defendant was charged with the burglary of a dress shop, of which charge they were acquitted. The jury returned a verdict of guilty as to appellant on count one and guilty as to Harris on the other count of receiving stolen property. Le Blanc, in propria persona, appealed, and through his court-appointed attorney now claims, as we construe it (1) that the evidence was insufficient to convict appellant of the crime of receiving stolen property; (2) no proper venue or jurisdiction was alleged or proved; (3) no corpus delicti was established; (4) error of the court in denying appellant's motion for an advised verdict at the conclusion of the People's case; and (5) an erroneous instruction was given.

The evidence shows that one Dunaway, bookkeeper for B. F. Goodrich Company branch in El Centro, California, came to work early in the morning of September 22, 1957. The store had been broken into. Considerable merchandise, including a safe, was gone. An inventory was taken. A transistor radio with a specified serial number was among the property missing. All the sales tickets and contracts containing serial numbers were checked and no such radio had been sold from the store. This transistor radio ordinarily sold for $33.95. In late September, 1957, appellant came to the home of one Elizabeth Cottingham, who stated that she lived at 2050 J Street (within the city limits of San Diego); that appellant was carrying a lady's blue suit and asked her if

she wanted to buy it. He claimed he and his wife had separated and he wanted some money. The price mark of $58 or $60 was attached to the garment. She paid defendant $10 and he left the suit with her. Later, he came to her home with a transistor radio and sold it to her for $10. She positively identified Le Blanc as the one who sold her these articles which she subsequently turned over to the police. The radio was later, in court, identified by her as the one sold by defendant, and Dunaway identified it by serial number as being the one missing from his store. Later, about October 2nd, when appellant was apprehended, he denied selling a suit or radio to her. About October 30th, he was again interviewed by the officers and was asked why he denied selling the radio to Mrs. Cottingham and he remarked he did not want to implicate himself or anyone else; that he received the dress from someone along Imperial Avenue who had stopped him and asked him to sell it on commission and that he found the transistor radio in his car one night; that someone had borrowed his car (Lee Knox's friends) and he did not notice the radio in it until later and did not know from whence it came. Appellant lived at 3030 Franklin Avenue in San Diego. On the witness stand he claimed he knew nothing about the burglary in El Centro and had never been there; that he did not know Mrs. Cottingham and did not sell her anything, and said that the first time he saw the radio was at his preliminary hearing.

One Lee Knox testified he and one Davis burglarized a dress shop in Del Mar and used appellant's car, and they also committed a burglary in El Centro at the Firestone Store and stole some appliances, transistor radios, etc.; that he kept one of the television sets and turned the rest over to Harris to sell and to divide the proceeds.

Harris testified he knew appellant about that time and roomed with Davis but knew nothing about the El Centro burglary and he never received any property from Davis or Knox. He admitted he had previously been convicted of felonies, to wit, burglary, grand theft and "suspicion of attempted burglary."

A mere résumé of the evidence, notwithstanding appellant's claimed innocence, overwhelmingly supports the verdict of receiving stolen property as charged. (*People* v. *Boyden,* 116 Cal.App.2d 278, 287 [253 P.2d 773]; *People* v. *Malouf,* 135 Cal.App.2d 697, 706 [287 P.2d 834]; *People* v. *O'Shaughnessy,* 135 Cal.App. 104, 110 [26 P.2d 847].)

 There is no merit to the argument that the evidence did not show appellant received said property in San Diego County and that the prosecution did not establish venue there. The property was stolen in Imperial County. Appellant claims he was never in that county but did live in San Diego County, and it appears that all the transactions involving this radio and its sale took place therein. The proper venue for the crime of receiving stolen property is in the county in which the goods are received. (Pen. Code, § 777; *People* v. *Baca,* 34 Cal.App.2d 284, 287 [93 P.2d 174].)

 The information does charge that the property stolen was the property of B. F. Goodrich Company, a corporation, without alleging where its place of business was located. Appellant claims it may have been in Russia, China, or Europe, and he was entitled to be informed of this fact, citing such authority as *People* v. *Pond,* 44 Cal.2d 665, 676 [284 P.2d 793] ; and *United States* v. *Cruikshank,* 92 U.S. 542 [23 L.Ed. 588]. Apparently appellant attempts to raise this question for the first time on appeal. The material allegation is that said property was stolen from the specified corporation and that in San Diego County appellant feloniously received it and knew, at the time, that it had been stolen. The gist of the offense was sufficiently alleged to comply with sections 496, 951 and 952 of the Penal Code.

 The corpus delicti was sufficiently shown and the court did not err in refusing to grant appellant's motion for an advised verdict in his favor at the close of the People's case under section 1118 of the Penal Code. (*People* v. *Ives,* 17 Cal. 2d 459, 463 [110 P.2d 408] ; *People* v. *Smith,* 26 Cal.2d 854, 858 [161 P.2d 941] ; *People* v. *Grahle,* 67 Cal.App. 183, 188 [227 P. 227] ; *People* v. *O'Shaughnessy, supra; People* v. *Lyons,* 50 Cal.2d 245, 257-258 [324 P.2d 556] ; *People* v. *Cox,* 117 Cal.App. 254, 256 [3 P.2d 581] ; *People* v. *Haflinger,* 91 Cal.App. 50, 52 [266 P. 561].)

 No error appears in the giving of an instruction by the court reading in part:

"If you should find from the evidence that a burglary was committed on the premises involved in either of these cases and that thereafter the defendants were found in possession, or claimed to be the owners, of certain property stolen from the burglarized premises, such a fact would be a circumstance tending in some degree to show guilt, although not sufficient,

standing alone and unsupported by other evidence, to warrant your finding them guilty.''

The instruction as given, when read as a whole, was proper. Judgment affirmed.

Mussell, J., and Coughlin, J. pro tem.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 5, 1958.

*Assigned by Chairman of Judicial Council.