[Crim. No. 3926. Fourth Dist., Div. One. Aug. 21, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
HAROLD JENNINGS, JR., Defendant and Appellant.

## COUNSEL

Howard J. Bechefsky, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Pierpont M. Laidley, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**COUGHLIN, J.**—Defendant appeals his conviction of the offense of receiving stolen property, a violation of section 496, subdivision 1 of the Penal Code.

On December 16, 1969, in Los Angeles, defendant was driving a Buick automobile that had been stolen in San Diego on December 6, 1969; was stopped by the police and arrested; was charged by an information filed in San Diego County with the offenses of grand theft, and of receiving stolen property in that he "did receive, conceal and withhold from the owner thereof certain property, which had been stolen, knowing the same to have

been stolen"; was found not guilty of the offense of grand theft and was found guilty of the offense of receiving stolen property "as charged" in the information.

On appeal, defendant contends the evidence is not sufficient to establish the venue of the offense was in San Diego County, and cites *People* v. *Baca,* 34 Cal.App.2d 284, 287 [93 P.2d 174], in support of this position. In the cited case the defendant was tried in Los Angeles County for receiving property stolen in that county which was in his possession two years later in Colorado, where he was arrested; there was no evidence he had possession of the stolen property other than in Colorado; and the court held the evidence did not support venue of the crime in Los Angeles, stating: "A careful review of the record reveals neither direct evidence of the venue of the alleged crime in Los Angeles County, *nor evidence of any fact from which it can reasonably be inferred that defendant* received possession, *or ever had possession of the stolen property,* on or about November 10, 1936, or at any other time, *in said county.* That there is evidence to support the conclusion that defendant knowingly had possession of such property elsewhere, there can be no question, but such evidence, in the light of the record, raises no more than a suspicion that the property in question was possessed by defendant in Los Angeles County. Such a showing is insufficient." (Italics ours.)

As indicated in the cited case, venue may be established by circumstantial evidence. (See also *People* v. *Cavanaugh,* 44 Cal.2d 252, 262 [282 P.2d 53]; *People* v. *Harris,* 163 Cal.App.2d 470, 473 [329 P.2d 557]; *People* v. *Boyden,* 116 Cal.App.2d 278, 287 [253 P.2d 773].) Also, as indicated in the cited case, proof of venue of the offense of receiving stolen property is not limited to a showing the accused received the stolen property in the county of trial but also may be shown by evidence he had possession thereof in that county.

Defendant's reliance upon the cited case is misplaced because the evidence in the case at bench supports the dual conclusions he received and had possession of the stolen Buick in San Diego County. Defendant told the arresting officer, when questioned about ownership of the Buick, "It belongs to me. My mother bought it for me." There is evidence defendant was a resident of San Diego and was present there immediately following the theft; his mother was a resident of San Diego, where she lived and worked; and she had not left San Diego between the time the automobile was stolen and defendant was arrested. This evidence supports the inference defendant received the automobile from his mother in San Diego. (*People* v. *Cavanaugh, supra,* 44 Cal.2d 252, 262-263; *People* v. *Ford,* 234 Cal.App.2d 480, 496 [44 Cal.Rptr. 556].) Further-

more, there is evidence defendant was seen driving the stolen automobile in Los Angeles at 1:30 a.m. on December 13th; was chased by the police on that occasion but evaded arrest; and on December 14th, he was in San Diego. It may be inferred defendant continued in possession of the stolen automobile after December 13th until he was arrested on December 16th, which would include the time he was in San Diego on December 14th. The offense of which defendant was convicted included not only receiving but also concealing and withholding the automobile from the owner with knowledge it was stolen.

Under the well-established rule on appeal the evidence adequately supports the conclusion venue of the crime was in San Diego County, even though there is other evidence, direct and circumstantial, supporting a contrary conclusion. (*People* v. *Roberts*, 213 Cal.App.2d 387, 391 [28 Cal. Rptr. 839].)

The judgment is affirmed.

Brown (Gerald), P. J., and Whelan, J., concurred.