The Attorney General acknowledges your request wherein you ask for an opinion: Whether the State may properly pay from the 1979 fiscal year general revenue fund a judgment rendered against the Department of Corrections in 1979 for back wages of an employee incurred during 1976 and 1977. Limitations upon the allocation of revenues of state agencies for fiscal year appropriations are found in 62 O.S. 9.1 [62-9.1] (1971) which provides, in part, that: "Revenue allocations shall be made to non-fiscal appropriations during the fiscal year such appropriations first become available for expenditure and for that year only." In Rountree v. Phelps, 200 Okl. 528, 197 P.2d 973, 974
(1948), the Supreme Court of Oklahoma, held: Fiscal year as defined by Article X, Section 1, Const., is the accounting unit in state finances and the monies subject to appropriation consist of current revenue and accumulated surpluses and no appropriation of monies of one fiscal year may be devoted to the payment of obligations of any other fiscal year except such as are designated "non-fiscal year obligation." In evaluating the situation herein involved, the general rule of Rountree, supra, must be considered to determine whether the judgment for back wages may be characterized as a non-fiscal year obligation. Although no decisions in Oklahoma hold specifically that a judgment rendered against a State agency is an obligation of the fiscal year in which judgment was rendered, an analogous case involved a judgment for legal services and has some interpretive value. In the case Johnston v. Conner, (Okl. 1951)236 P. 987, the Supreme Court of Oklahoma, in an action against state officials to force the payment of attorney's fees and costs incurred over several years of tax litigation, said: "because the litigation and plaintiff's services therein extended over an eight year period and because the payment of any fee to plaintiff was dependent upon the successful conclusion of that litigation, the amount involved in the instant case could not be considered as an expenditure or obligation of any one fiscal year." The Court in Conner, supra, held that the state agency must pay the full amount of legal fees and officials must perform such duties necessary to effect such payment. The situation in Conner is similar to the judgment sought to be paid in this instance in that the litigation extended beyond one fiscal year and the obligation for payment was thereby deferred. The Supreme Court of Oklahoma has issued its order stating that a valid claim had been made against the State for back wages. The claim itself arose out of the State's actions occurring between December 2, 1976 and November 18, 1977. Litigation ensued and the Court's opinion was issued March 6, 1979. The litigation lasted in excess of two years. Not until March 6, 1979 did the claim became an obligation that the State was required to pay. Until such time, the matter consisted only of an unliquidated claim. Applying the rational of Connor, supra, the claim made against the State for payment of back wages cannot be considered as an obligation of any one fiscal year but must be considered as a non-fiscal year obligation payable from the Department of Correction's legally available 1979 appropriated general funds. In Attorney General Opinion No. 77-227 (August 5, 1977) a similar circumstance was considered. The Director of State Finance asked whether claims against a state for payment of a judgment entered during the 1977 fiscal year for personal services rendered in previous fiscal years may be approved and paid from general revenue money appropriated to a State board for the 1977 fiscal year. The Attorney General ruled that payment "can be approved and paid from legally available general revenue money appropriated to the board for the 1977 Fiscal year." Therefore, it is the opinion of the Attorney General that the Department of Corrections may pay a judgment rendered in 1979 for back wages of an employee held to have been incurred during prior fiscal years from legally available general revenue money appropriated to the Department for fiscal year 1979. (MANVILLE T. BUFORD) (ksg)