[No. 15026. Third Dist. Mar. 30, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
CARLOS O. CASTANEDA, Defendant and Appellant.

962

## COUNSEL

Duncan G. Wright, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, and Robert D. Marshall, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**PUGLIA, P. J.**—Penal Code section 859b provides, among other things, that in setting a preliminary examination, the magistrate "shall allow not less than two days, excluding Sundays and holidays, for the district attorney and the defendant to prepare for the examination." In this appeal, we hold that (1) the quoted provision is directory only and a failure of strict compliance does not oust the magistrate of fundamental jurisdiction over the cause or the parties; (2) the magistrate substantially complied with the quoted provision and therefore defendant was neither deprived of a substantial right nor illegally committed; and (3) defendant has not satisfied his appellate burden of showing prejudice from a lack of strict compliance with the cited portion of section 859b.

An information charged defendant with assault with a deadly weapon (Pen. Code, § 245, subd. (a)(2)), and alleged that during the commission of the offense he personally used a firearm (Pen. Code, § 12022.5) and inflicted great bodily injury upon the victim. (Pen. Code, § 12022.7; hereafter all references to sections of an unspecified code are to the Penal Code.) Following the denial of his motion to set aside the information (§ 995), defendant agreed to submit the question of his guilt or innocence on the preliminary hearing transcript on the understanding that if found guilty, he would receive no more than a four-year term of imprisonment and any sentence imposed on the enhancements would be stayed. The trial court found defendant guilty as charged and found both enhancement allegations true. The court sentenced defendant to prison for the four-year upper term using the enhancements as aggravating factors. The terms imposed for the enhancements were then stayed.

In preliminary proceedings before the magistrate, defendant was charged by felony complaint filed in the municipal court in Stockton with assault with a deadly weapon upon Lauro Coss. On July 9, 1985, defendant was arraigned, the public defender was appointed to represent him and preliminary examination was scheduled for July 22, 1985. On July 12 the public defender declared a conflict of interest and was relieved. Attorney Snider was appointed to represent defendant. The preliminary hearing date of July 22 remained unchanged. On July 22 however, the People moved to dismiss the complaint because the victim was in the hospital and no other witnesses had been subpoenaed. The complaint was dismissed and defendant was discharged from custody.

On July 25, 1985, a complaint and warrant issued recharging defendant with the same incident of assault with a deadly weapon. Defendant appeared before the magistrate on August 5, 1985, Attorney Snider was again appointed to represent him and his preliminary examination was set for August 19, 1985. On August 19, the People moved for a continuance because the victim was still hospitalized. The court found good cause (see § 859b, subd. (b)(3)) and continued the preliminary examination to September 3, 1985.

On Wednesday, August 21, 1985, the People requested an order shortening time and noticed a motion for an immediate preliminary examination. The motion was supported by affidavit in which it was asserted the victim was scheduled for life-threatening surgery on the following Monday, August 26, and that an immediate preliminary examination was necessary to preserve the victim's testimony. The People's motion was set for hearing on the following day.

On the next day, Thursday, August 22, Attorney Snider declared a conflict of interest and was relieved. Attorney Jacobsen, who was present in court, was appointed to represent defendant. Defendant was then served with and arraigned on an amended complaint which again charged the same incident of assault with a deadly weapon, but amended the date of the violation from July 6, to July 5, 1985, amended the name of the victim from Lauro Coss to Lauro Vasquez and added two enhancement allegations, to wit: personal use of a firearm (§ 12022.5) and infliction of great bodily injury (§ 12022.7). Defendant pled not guilty and denied the enhancement allegations.

The magistrate then took up the People's pending motion for an immediate preliminary examination. Defendant opposed the motion, asserting his right under section 859b to two days to prepare for the preliminary examination. The magistrate accepted the People's showing of exigency, ruled that

an immediate preliminary examination was necessary and scheduled it for the following day, Friday, August 23.

The preliminary examination was conducted on August 23, commencing with the testimony of the victim, to receive which the court convened at the University of California Medical Center in Sacramento where the victim was hospitalized suffering from gunshot wounds. Following the victim's testimony the magistrate offered the defendant a continuance to prepare for any remaining witnesses to be called by the People. The defendant declined. One more witness, an eyewitness whose testimony essentially corroborated the victim's account, was called and testified for the People. The preliminary examination concluded, and defendant was held to answer on the charged crime and enhancements.

Defendant filed a motion under section 995 to set aside the information. He asserted his preliminary examination had not been held according to law in that he was not given two days to prepare as required by section 859b. Defendant claimed that denial of the minimum two-day preparation period deprived him of effective assistance of counsel.

The People opposed the motion, arguing any error in failing to provide defendant the statutory two-day preparation period was at most a technical or minor error, not a denial of a substantial right, and therefore did not warrant any sanction, much less dismissal.

The trial court denied the dismissal motion, holding a "good cause" exception to section 859b must be allowed in unusual circumstances and that the instant matter, where the primary witness against the defendant was imminently facing life-threatening surgery, presented such a case.

Defendant timely petitioned for a writ of prohibition repeating the same grounds as in the section 995 motion. This court denied the petition.

Thereafter defendant agreed to submit the matter on the preliminary hearing transcript and was found guilty.

Section 859b provides in relevant part: "At the time the defendant appears before the magistrate for arraignment, if the public offense is a felony to which the defendant has not pleaded guilty in accordance with Section 859a, the magistrate, immediately upon the appearance of counsel, or if none appear, after waiting a reasonable time therefor as provided in Section 859, shall set a time for the examination of the case and shall allow not less than two days, excluding Sundays and holidays, for the district attorney and the defendant to prepare for the examination."

█ Defendant contends section 859b is mandatory and contains no exception to the two-day preparation period for "good cause," "exigent circumstances," or on any other basis. Defendant contends the error in this case is particularly egregious because new counsel had been appointed only minutes before defendant was arraigned on the amended complaint and, as counsel informed the court, counsel was not prepared to conduct the preliminary examination on the following day.[1]

Assuming there is no good cause exception to the two-day preparation period of section 859b, it avails defendant nothing on appeal. Following the denial of his section 995 motion and the subsequent denial of his petition for writ of prohibition, defendant submitted the question of guilt or innocence on the transcript of the preliminary hearing. "[A] submission on the [preliminary hearing] transcript is a trial whether or not it is 'tantamount to a plea of guilty,' is a 'slow plea,' or is a part of a 'bargain' with the prosecutor." (*Bunnell* v. *Superior Court* (1975) 13 Cal.3d 592, 606 [119 Cal.Rptr. 302, 531 P.2d 1086].)

Defendant is thus before this court following a conviction based on a trial in the superior court. In this posture, defendant is required to show prejudice in order to warrant a reversal of his conviction. █ "[I]rregularities in the preliminary examination procedures which are not jurisdictional in the fundamental sense shall be reviewed under the appropriate standard of prejudicial error and shall require reversal only if defendant can show that he was deprived of a fair trial or otherwise suffered prejudice as a result of the error at the preliminary examination." (*People* v. *Pompa-Ortiz* (1980) 27 Cal.3d 519, 529 [165 Cal.Rptr. 851, 612 P.2d 941].)

█ The failure to afford a defendant two days' preparation time for the preliminary hearing does not deprive the magistrate of jurisdiction in the fundamental sense. (Cf. *People* v. *Rosales* (1984) 153 Cal.App.3d 353, 362-363 [200 Cal.Rptr. 310].) The requirement of two days' preparation time is not the predominant purpose of Penal Code section 859b. The thrust of section 859b is to assure the timely conduct of the preliminary examination consistent with adequate time for defense counsel and the district attorney to prepare. In fact, in many cases, counsel can prepare adequately in less than two days while in other cases two days is not sufficient. The two-day period, while prescribed in mandatory language ("shall allow"), is nonethe-

---

[1]As an ancillary claim defendant asserts that if the magistrate could order an immediate preliminary hearing in "unusual circumstances," those circumstances no longer obtained when, at the hearing, a "relatively healthy" victim appeared to testify. The order granting an immediate preliminary hearing was based on the People's competent showing that the victim faced imminent, life-threatening surgery. There are no facts in the record upon which to dispute the basis of the magistrate's ruling.

less directory in the sense that a failure of compliance does not oust the magistrate of fundamental jurisdiction over the cause or the parties (see *People* v. *Watson* (1983) 146 Cal.App.3d 12, 18-19 [193 Cal.Rptr. 849]).

■ Moreover, we believe that in the circumstances shown here there was substantial compliance with section 859b. Defendant was charged for well over a month with the same crime during virtually all of which time he was represented by counsel. A preliminary hearing was twice set for a date two weeks away. Although each hearing date was subsequently vacated, it was not done until the very time scheduled for the hearing. Presumably counsel utilized the intervening time diligently to prepare in defendant's behalf. We also assume the fruit of those efforts was made available to defendant and substituting counsel (see rule 2-111(A)(2), Rules Prof. Conduct of State Bar). Defendant actually had the better part of a month to prepare for pending preliminary hearings on the identical charge. To the extent section 859b assures adequate time for a defendant to prepare for a preliminary hearing, that purpose was not frustrated by the procedure used here. (See *People* v. *Peterson* (1973) 9 Cal.3d 717, 724 [108 Cal.Rptr. 835, 511 P.2d 1187].) Defendant therefore was not deprived of a substantial right.

Furthermore, defendant's third and last trial counsel, Attorney Jacobsen, informed the magistrate he had received and read the police reports the day before his appointment. Although defendant was arraigned on an amended complaint the day of Jacobsen's appointment, the new pleading added virtually nothing of significance that was not already known. The victim's surname was changed, the alleged date of the offense was advanced from July 6 to July 5 (there was apparent uncertainty whether the incident happened just before or just after midnight) and the two enhancement allegations were added. Although the latter represented a substantial addition to the accusatory pleading, it could hardly have come as a surprise when it had been known since the offense occurred that the victim was languishing in the hospital with gunshot wounds. Even when viewed in the light least favorable to the People, the procedures before the magistrate were not so egregiously aberrant as to deprive defendant of a substantial right or render his commitment illegal.

■ In the present posture of the case, after trial and conviction, it is incumbent upon defendant on appeal to show resulting prejudice. This defendant has not done. By agreeing to submit the question of guilt or innocence on the preliminary hearing transcript, defendant has uncritically embraced the very proceeding which he inconsistently condemns as illegal. In so doing defendant has implicitly conceded that even in the four-month period which elapsed between filing the information and submission on the transcript, he was unable to produce any evidence to establish his innocence,

impeach witnesses, or which otherwise might be favorable to his cause. Defendant has failed to show any prejudice at all resulting from any failure to afford him two days preparation time for his preliminary examination.[2]

The judgment is affirmed.

Regan, J., and Carr, J., concurred.

---

[2]We note that sections 1335-1345 permit the People conditionally to examine a witness whose life is in jeopardy and who may be unable to attend the trial. The application for a conditional examination must be supported by affidavit establishing, inter alia, the witness is so sick or infirm as to afford a reasonable belief the witness may not be able to attend the trial. (§ 1337, subd. (4).) The application is to be made with at least three days' notice to the opposition (§ 1338), although the notice period is subject to an order shortening time. (*People v. Frank* (1933) 132 Cal.App. 360, 363-365 [22 P.2d 792].) Defendant has the right to be present and to participate in the examination of the witness. (§ 1340.) Thereafter, the deposition may be read into evidence by either party, provided that at the time the deposition is offered as evidence the witness is unavailable within the meaning of Evidence Code section 240. (§ 1345.)

Here, the People's motion for an immediate preliminary hearing was functionally similar to an application on shortened notice to examine the victim conditionally. Had defendant accepted the magistrate's offer of a continuance after the victim testified, the testimony of the victim would have been in every respect akin to a conditional examination. Thus, conducting the examination on one day's notice placed defendant in no different position than he would have been had the victim been conditionally examined on that day. Arguably the conditional examination procedure is applicable at preliminary examination as well as at trial. (See 67 Ops.Cal.Atty.Gen. (1984) 178, 181-183.)

A function of the preliminary hearing, although not the principal one, is the perpetuation of testimony (Witkin, Cal. Criminal Procedure (1963) Proceedings Before Trial, § 132, pp. 127-128; Trial, § 353, p. 345). The function of a trial is to find and declare the truth. Nevertheless, the conditional examination procedure permits perpetuation of testimony for trial. We believe it would be anomolous, given the purposes of a preliminary hearing, if the magistrate were powerless to perpetuate testimony under circumstances such as these which clearly would permit it in proceedings pending in the trial court.