[No. C001079. Third Dist. July 31, 1987.]

THE PEOPLE, Plaintiff and Appellant, v.
PETER J. DISANDRA, Defendant and Appellant.

[Opinion certified for partial publication.*]

* See footnote 1, *post,* page 1356.

**COUNSEL**

John K. Van de Kamp, Attorney General, Steve White and Arnold O. Overoye, Assistant Attorneys General, Joel Carey and Karen Ziskind, Deputy Attorneys General, for Plaintiff and Appellant.

Quin Denvir and Marron, Reid & Sheehy for Defendant and Appellant.

## OPINION

PUGLIA, P. J.—Defendant appeals from a judgment convicting him of 22 sex offenses committed against his stepdaughter Leanne Q. and her friend, Karen G., both minors. The People appeal from the trial court's dismissal of four counts pursuant to Penal Code section 995. (Hereafter, all references to sections of an unspecified code are to the Penal Code.) Among the many contentions raised by defendant, only his argument that a restitution fine was improperly imposed has merit. Thus with the appropriate modification, we shall affirm the judgment of conviction. In the People's appeal, we hold that despite a witness exclusion order, the magistrate did not err in allowing the minor victim's mother to be present during the victim's preliminary hearing testimony where the mother herself had already testified. Accordingly, we shall reverse the judgment of dismissal. We deal with defendant's appeal in part I and the People's appeal in part II of this opinion.[1]

I.[1]

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

.

II.

The information charged defendant, inter alia, with four counts of lewd and lascivious conduct with his daughter, Cyndia, a child under 14 years of age. (§ 288, subd. (a); counts XLIII-XLVI.) These were the only charges involving Cyndia.

Before the commencement of the preliminary hearing, defendant moved "to exclude any witnesses, . . . other than the first witness who is going to testify." The magistrate ordered all witnesses other than the People's designated "investigating officer" to leave the courtroom. The prosecutor requested pursuant to section 868.5 that Cyndia's mother be allowed to remain in the courtroom as the support person for Cyndia, who was then age 8. Defendant objected on the grounds the statute required a noticed motion where the support person is also a prosecution witness. (§ 868.5, subd. (b).) The prosecutor indicated he did not think notice was necessary because Cyndia's mother would be testifying first (§ 868.5, subd. (c)), and her testi-

---

[1] The Reporter of Decisions is directed to publish all of this opinion except part I.

mony would not involve the same matters to which Cyndia would testify. The magistrate ruled the matter would proceed in the manner proposed by the prosecutor and Cyndia's mother was called and testified as the first witness.

Cyndia was called as the next witness. Prior to her testimony, the defense renewed its objection on the grounds that (1) Cyndia's mother was not an appropriate support person because she might influence the child's testimony and (2) the nomination of Cyndia's mother as a support person had not been noticed. Defendant asserted that had notice been given, he would have had time to gather evidence that Cyndia's testimony was instigated by her mother as a result of a "bad divorce." Counsel further expressed his concern that the mother be so located in the courtroom that she could not signal to Cyndia while she was testifying.

The magistrate instructed Cyndia's mother not to communicate verbally or nonverbally with Cyndia during the child's testimony. The mother agreed and assured the magistrate she would comply. Cyndia's mother was ordered to sit behind the child while Cyndia testified. Cyndia's testimony was videotaped. Defendant requested the camera be positioned to photograph both Cyndia and her mother, and the court so ordered. Finally, the magistrate indicated he would instruct Cyndia not to turn around and look at her mother.

Following the conclusion of the preliminary hearing, defendant was held to answer on numerous counts including the four counts involving Cyndia.

In his section 995 motion to dismiss the four counts alleging offenses against Cyndia, defendant claimed he had been denied a substantial right at the preliminary hearing because the prosecutor failed to secure authorization for the attendance of Cyndia's mother as a support person by way of noticed motion pursuant to section 868.5.[9] Defendant made no claim that

[9] At all relevant times, section 868.5 provided: "(a) Notwithstanding any other provision of law, a prosecuting witness 16 years of age or under in a case involving a violation of Section 243.4, 261, 273a, 273d, 285, 286, 288, 288a, 289, or 647a, or a violation of subdivision (1) of Section 314, shall be entitled for support to the attendance of a parent, guardian, or sibling of his or her own choosing, whether or not a witness, at the preliminary hearing and at the trial, during the testimony of the prosecuting witness. The person so chosen shall not be a person described in Section 1070 of the Evidence Code unless the person is related to the prosecuting witness as a parent, guardian, or sibling and does not make notes during the hearing.

"(b) If the person so chosen is also a prosecuting witness, the prosecution shall present, on noticed motion, evidence that the person's attendance is both desired by the prosecuting witness for support and will be helpful to the prosecuting witness. Upon that showing, the court shall grant the request unless information presented by the defendant or noticed by the court establishes that the support person's attendance during the testimony of the prosecuting witness would pose a substantial risk of influencing or affecting the content of that testimony.

Cyndia's testimony was influenced by her mother's presence in the courtroom during the preliminary examination. The trial court determined the People's failure to comply strictly with the provisions of section 868.5 deprived defendant of a substantial right and dismissed the four counts which related to Cyndia.

It is the general rule that the preliminary examination "shall be open and public" (§ 868). There are exceptions to the general rule. Section 868 also authorizes the magistrate on request of defendant to exclude the public in order to protect defendant's right to a fair and impartial trial. Section 868.7 authorizes the magistrate on motion of the prosecutor to exclude the public during the testimony of a minor complaining victim of a sex offense. Section 867 authorizes the magistrate on motion of either party to exclude witnesses.

There are also limitations on closure of and exclusion from the preliminary examination. For example, certain named functionaries such as the clerk, court reporter and bailiff are excepted from an order excluding the public (§§ 868, 868.7) and a prosecuting witness under age 16 in cases of certain sex crimes is entitled to the presence of a support person "notwithstanding any other provision of law." (§ 868.5.) The quoted phrase obviously refers to situations where an exception to the general rule of an open and public hearing has been invoked which would otherwise exclude the attendance of a support person. Thus an order of public closure under section 868 as it read at the time of the preliminary hearing would have precluded the attendance of a support person for Cyndia who was "himself or herself a witness."[10]

---

"(c) The testimony of the person so chosen who is also a prosecuting witness shall be presented before the testimony of the prosecuting witness. The prosecuting witness shall be excluded from the courtroom during the person's testimony. Whenever the evidence given by the person would be subject to exclusion because given before the corpus delicti has been established, the evidence shall be admitted subject to the court's or the defendant's motion to strike that evidence from the record if the corpus delicti is not later established by the testimony of the prosecuting witness." (Stats. 1984, ch. 1423, § 4, eff. Sept. 26, 1984.)

[10]At the time of the preliminary examination section 868 read as follows: "The examination shall be open and public. However, upon the request of the defendant and a finding by the magistrate that exclusion of the public is necessary in order to protect the defendant's right to a fair and impartial trial, the magistrate shall exclude from the examination every person except the clerk, court reporter and bailiff, the prosecutor and his or her counsel, the Attorney General, the district attorney of the county, the investigating officer, the officer having custody of a prisoner witness while the prisoner is testifying, the defendant and his or her counsel, the officer having the defendant in custody *and a person chosen by the prosecuting witness who is not himself or herself a witness but who is present to provide the prosecuting witness moral support,* provided that the person so chosen shall not discuss prior to or during the preliminary examination the testimony of the prosecuting witness with any person, other than the prosecuting witness, who is a witness in the examination. Nothing in this section shall affect the right to exclude witnesses as provided in Section 867 of the Penal Code." (Italics added; Stats. 1982, ch. 83, § 3, p. 245.)

Here the defendant did not seek closure of the hearing to the public under section 868. Rather he invoked the narrower witness exclusion provision of section 867.[11]

A casual reading of section 867 reveals that it mandates exclusion only of those witnesses "who have not been examined." With the limited exception of witnesses who have not been examined, a witness exclusion order does not affect the open and public nature of the preliminary examination. Thus Cyndia's mother, having first been examined, was as free thereafter to attend the preliminary examination as any other member of the public. After her testimony, section 867 was not as to her an exclusionary provision "notwithstanding" which section 868.5, on noticed motion, was intended to operate. Accordingly, the prosecution was not required to obtain the permission of the magistrate, on noticed motion or otherwise, for the attendance of Cyndia's mother during Cyndia's testimony.

We are aware, of course, that Cyndia's mother was recalled as a witness for the prosecution after all the other witnesses had completed their testimony. As the last witness she testified very briefly to a conversation she had with defendant in April 1983 concerning an incident involving only Leanne. The four dismissed charges involving Cyndia were all alleged to have occurred months later, between September and November of 1983. None of the mother's concluding testimony related to Cyndia or the charges in which she was alleged to be a victim. Most significantly, there was no objection to her testimony on recall as a violation of the witness exclusion order under section 867. Accordingly, any objection was waived (*People* v. *Young* (1985) 175 Cal.App.3d 537, 543 [221 Cal.Rptr. 32]).

Moreover, defendant's section 995 motion was premised solely on the failure of the People to comply with section 868.5. No mention was made in

---

[11] At the time of the preliminary hearing section 867 read as follows: "While a witness is under examination, the magistrate shall, upon motion of either party, exclude all potential and actual witnesses *who have not been examined*.

"The magistrate shall also order the witnesses not to converse with each other until they are all examined. The magistrate may also order, where feasible, that the witnesses be kept separated from each other until they are all examined.

"This section does not apply to the investigating officer or the investigator for the defendant, nor does it apply to officers having custody of persons brought before the magistrate." (Italics added; Stats. 1982, ch. 1505, § 1, p. 5840.)

the defendant's moving papers of the mother's concluding testimony. In its written opinion granting the motion the trial court also made no mention of the mother's concluding testimony and dealt with the legal issue exclusively in terms of the People's failure to comply with section 868.5.

■ Denial of a substantial right at the preliminary examination renders the ensuing commitment illegal and entitles a defendant to dismissal of the information. (*People* v. *Pompa-Ortiz* (1980) 27 Cal.3d 519, 523 [165 Cal.Rptr. 851, 612 P.2d 941].) An information will not be set aside, however, merely because there has been some irregularity or minor error in procedure at the preliminary hearing. (*People* v. *Watson* (1983) 146 Cal.App.3d 12, 20 [193 Cal.Rptr. 849].) Where the issue is not one of constitutional dimension, the question whether a defendant was deprived of a substantial right depends on the particular facts of the case. (See *id.,* at pp. 18-21.)

■ Under these facts, defendant was not deprived of a substantial right. The People were not required to comply with section 868.5 where the order was to exclude witnesses under section 867 and the support person testified before the child victim was called as a witness. Any objection defendant had to violation of the witness exclusion order was twice waived, first by failure to voice it when the mother was recalled as a witness and again by failure to raise it in superior court as a ground for the motion to dismiss. Even had the objection been preserved, no substantial right was implicated because the concluding testimony of the mother had absolutely no connection with the four counts involving Cyndia which were the subject of the motion to dismiss.[12]

The judgment of conviction is modified by striking therefrom the $5,000 restitution fine and in all other respects, is affirmed. The trial court is directed to amend the abstract of judgment accordingly and to send a copy forthwith to the Director of Corrections. The judgment of dismissal is

---

[12] We note as a general observation that the noticed motion requirement formerly contained in subdivision (b) of section 868.5 was ill-conceived and cumbersome if not unworkable. Unless the prosecutor plans to move to close the hearing (§ 868.7) he is entitled to assume until otherwise notified that it will be open and public according to the general rule stated in section 868. However, neither a defendant's "motion" to exclude witnesses (§ 867) nor his "request" to close the hearing (§ 868) is required to be noticed. Indeed the motion to exclude witnesses here was made, as is typical, at the very commencement of the hearing. Had the defendant here made a "request" instead to close the hearing under section 868 as it then read, the People would only then be advised of the necessity to notice a motion to secure the presence of a support person for the minor complaining witness. The difficulty inherent in this scheme is obvious and, one would like to think, was the reason why the requirement of a noticed motion has since been dispensed with (Stats. 1985, ch. 467, § 1, pp. 1791-1792).

reversed, and the trial court is directed to reinstate the dismissed counts, and accompanying special trust allegations.

Evans, J., and Blease, J., concurred.